Present:  All the Justices

SUPER FRESH FOOD MARKETS
 OF VIRGINIA, INC., ET AL.

                                        OPINION BY
v.  Record No. 011230        JUSTICE LAWRENCE L. KOONTZ, JR.
                                       April 19, 2002
RACQUEL RUFFIN

              FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                      John J. McGrath, Jr., Judge


      This appeal involves our consideration of the requirements

of Rule 1:1 to extend the time within which a final judgment

remains under the control of the trial court.  In addressing

those requirements, we take the opportunity to resolve any

difference in interpretation that may exist among the trial

bench and bar regarding what is required under this rule to

forestall the finality of a judgment entered by a trial court.

                              BACKGROUND

      Because we are concerned with the procedural posture of

this case as a result of the application of Rule 1:1 and Rule

5:9, a detailed recitation of the facts related to the merits of

the action brought in the trial court is not necessary.

Accordingly, the following summary will suffice.

      On July 14, 1998, Racquel Ruffin filed a motion for

judgment in the trial court against Super Fresh Food Markets of

Virginia, Inc. and two of its employees (collectively, Super

Fresh).[1]  Ruffin alleged that while she was a customer in a Super Fresh store in Harrisonburg she was falsely accused of having shoplifted merchandise and was subjected to a pat-down search without probable cause.  Contending that Super Fresh had acted without justification, Ruffin sought $150,000 in compensatory damages and $350,000 in punitive damages.

Super Fresh filed its grounds of defense to Ruffin's motion for judgment on September 11, 1998.  Super Fresh asserted that it was immune from civil liability under Code § 18.2-105, which provides that a merchant who has probable cause to believe that a person has shoplifted or committed willful concealment of goods or merchandise may detain and search the person. Following the resolution of various motions, a jury trial was held in the trial court on April 21, 2000.

The jury returned its verdict for Ruffin, awarding her $10,000 in compensatory damages and $60,000 in punitive damages. Super Fresh made an oral motion to set aside the jury's verdict as contrary to the law and the evidence.  Thereafter, as permitted by the trial court, Super Fresh filed a memorandum in support of its motion and therein requested the trial court to

---

[1] The motion for judgment was initially filed in the Circuit Court of Albemarle County and subsequently transferred to the Circuit Court of Rockingham County pursuant to Super Fresh's motion to transfer venue.

2

order remittitur or a new trial if its motion to set aside the verdict was denied. In a responding memorandum, Ruffin requested that the trial court "enter judgment based on the verdict rendered by the jury."

On August 23, 2000, the trial court entered an "Opinion and Order" in which it declined to order remittitur as requested by Super Fresh and "enter[ed] judgment consistent with that returned by the jury." On August 31, 2000, Super Fresh filed a motion seeking reconsideration of the August 23, 2000 order, contending that the trial court had failed to address Super Fresh's assertion that Code § 18.2-105 provided it with immunity. Super Fresh further contended that oral argument on the motion had been scheduled for October 11, 2000 and requested that the court enter an order "retaining jurisdiction of this action" until the motion for reconsideration was ruled upon. Ruffin opposed the motion for reconsideration, contending that the August 23, 2000 order "entering judgment in this case . . . should be allowed to stand." On September 12, 2000, the trial court entered an order stating that "this court shall retain jurisdiction over this action until such time as this court may consider and rule on" Super Fresh's motion for reconsideration.

On October 20, 2000, without receiving additional oral argument, the trial court advised counsel by letter that it would deny Super Fresh's motion for reconsideration and directed

Ruffin's counsel to prepare an order to that effect.[2]  On March

26, 2001, the trial court entered an order, styled as a "Final

Order," overruling Super Fresh's motion for reconsideration and

entering judgment for Ruffin.  On April 21, 2001, Super Fresh

filed a notice of appeal "from the final judgment entered by

[the trial court] on March 26, 2001."

On May 31, 2001, Super Fresh filed a petition for appeal in

this Court.  On June 21, 2001, Ruffin filed a brief in

opposition to Super Fresh's petition for appeal.  In addition,

Ruffin filed a motion to dismiss asserting that this Court

lacked jurisdiction to consider Super Fresh's appeal because

Super Fresh had not filed a timely notice of appeal in accord

with Rule 5:9.  Ruffin contended that the August 23, 2000 order

was a final judgment order and that the September 12, 2000 order

had not modified, vacated, or suspended the prior order in

accord with Rule 1:1.

Super Fresh filed a brief responding to Ruffin's motion to

dismiss on July 2, 2001.  Distinguishing Lyle v. Ekleberry, 209

---

[2] On November 16, 2000, Super Fresh filed a notice of appeal
"from the final judgment entered by [the trial court] in this
action."  The clerk of the trial court forwarded the trial
record to this Court in accord with the requirements of Rule
5:13(a).  On March 13, 2001, the Clerk of this Court returned
the record to the trial court "because no **petition for appeal**
has been filed and the time allowed by law within which to do so
has expired."

Va. 349, 350-51, 164 S.E.2d 586, 587 (1968), Super Fresh contended that the September 12, 2000 order suspended the judgment entered August 23, 2000 because the order expressly stated that the trial court was retaining jurisdiction. We awarded Super Fresh an appeal and directed the parties to address the issue raised in Ruffin's motion to dismiss on brief and in oral argument.

DISCUSSION

As previously noted, the premise of Ruffin's motion to dismiss is that Super Fresh failed to file a timely notice of appeal pursuant to the provisions of Rule 5:9. In pertinent part, Rule 5:9 provides that "[n]o appeal shall be allowed unless, within 30 days after the entry of final judgment . . . counsel for the appellant files with the clerk of the trial court a notice of appeal." To determine the timeliness of a notice of appeal from a final judgment, obviously it is first necessary to determine the date of the action of the trial court that constitutes the final judgment.

In general terms, a final judgment is one which disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment. Daniels v. Truck & Equipment Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964). However, under Rule 1:1, "final judgments . . . remain under the control of the trial court and subject to be

5

modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

The running of the twenty-one day time period prescribed by Rule 1:1 may be interrupted only by the entry, within the twenty-one day time period, of an order modifying, vacating, or suspending the final judgment order.  Berean Law Group, P.C. v. Cox, 259 Va. 622, 626, 528 S.E.2d 108, 111 (2000); accord Wagner v. Shird, 257 Va. 584, 587, 514 S.E.2d 613, 614-15 (1999).  Neither the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the twenty-one day time period of Rule 1:1.  In re Commonwealth, Department of Corrections, 222 Va. 454, 464, 281 S.E.2d 857, 863 (1981) (holding that a trial court taking a motion to set aside under advisement "did not 'modify, vacate, or suspend' the judgment[]").

Rule 1:1 facially contemplates the existence of a final judgment that a court subsequently seeks to modify, vacate, or suspend.  The rule is not applicable prior to the entry of a final judgment, and the twenty-one day time period contained in the rule does not delay the finality of a judgment.  Thus, when a trial court enters an order, or decree, in which a judgment is rendered for a party, unless that order expressly provides that

6

the court retains jurisdiction to reconsider the judgment or to address other matters still pending in the action before it, the order renders a final judgment and the twenty-one day time period prescribed by Rule 1:1 begins to run.

The distinction to be drawn between an order that renders judgment and retains jurisdiction and an order that renders judgment but does not retain jurisdiction for purposes of when the twenty-one day time period under Rule 1:1 commences to run is demonstrated in Concerned Taxpayers v. County of Brunswick, 249 Va. 320, 455 S.E.2d 712 (1995). In that case, the trial court entered an order on January 3, 1994 dismissing a bill of complaint. However, that order expressly stated that the trial court "would reconsider the Concerned Taxpayer's request to file an amended bill of complaint" and also "granted [certain respondents] leave to file 'additional submissions and a Notice of Hearing upon their Motion for Sanctions within twenty-one (21) days after entry of this Order.' " Id. at 331-32, 455 S.E.2d at 718.

On February 10, 1994, the trial court entered an order denying the motion for leave to file an amended bill of complaint. That order further stated that the trial court "would 'retain jurisdiction' over the . . . request for sanctions." Id. at 332, 455 S.E.2d at 718. On March 31, 1994, "the trial court entered its last order in the case, in which it

7

granted . . . the motion for sanctions and entered judgment against Concerned Taxpayers . . . for legal expenses incurred in defending the claim." Id., 455 S.E.2d at 718-19.

On appeal, Concerned Taxpayers challenged the award of sanctions on the ground that the respondents had failed to give notice of a hearing on their motion for sanctions within twenty-one days of the January 3, 1994 order. Citing Bibber v. McCreary, 194 Va. 394, 397, 73 S.E.2d 382, 384 (1952), Concerned Taxpayers contended that when the respondents failed to fully comply with the January 3, 1994 order, that order became a final order, and the trial court's jurisdiction expired on January 24, 1994. Concerned Taxpayers, 249 Va. at 332, 455 S.E.2d at 719.

Rejecting this argument, we explained that "the trial court expressly reserved jurisdiction . . . in the two orders that preceded the final order entered March 31, 1994." Id. at 332-33, 455 S.E.2d at 719. In other words, the orders entered January 3, 1994 and February 10, 1994 were not final orders and, thus, were not subject to the twenty-one day time period of Rule 1:1. By using the term "retain jurisdiction" in the February 10, 1994 order, the trial court was not attempting to interrupt the twenty-one day time period of Rule 1:1. Rather, it was expressly indicating that the order was not rendering a final judgment. The "final judgment" in Concerned Taxpayers was rendered by the March 31, 1994 order, and the twenty-one day

8

time period of Rule 1:1, and concurrently the thirty day time period of Rule 5:9, commenced only upon the entry of that order.

In the present case, by contrast, the August 23, 2000 order clearly rendered a final judgment at the time of its entry, and the record establishes that the trial court and the parties treated it as doing so. Accordingly, upon entry of that order, the trial court's jurisdiction over the case extended only to September 13, 2000, the twenty-first day after the entry of the order, unless a subsequent order modified, vacated, or suspended the judgment on or before that date.

In Lyle v. Ekleberry, the case cited by Super Fresh in the present appeal, we held that a letter from counsel requesting that the trial court vacate a final judgment was insufficient to toll the running of the twenty-one day time period of Rule 1:1 because "[a]n order of the court was necessary" to achieve that end. 209 Va. at 350-51, 164 S.E.2d at 587. Super Fresh contends that because the September 12, 2000 order was entered in response to its motion for reconsideration, "[t]he trial court here took the necessary step of entering an Order memorializing its . . . intent to retain jurisdiction over the cause."

Super Fresh misconstrues Lyle. To interrupt the running of the twenty-one day time period of Rule 1:1, it is not sufficient that the trial court enter an order acknowledging the filing of

9

a post-trial or post-judgment motion within twenty-one days following the entry of a final judgment. Rather, the rule requires that the trial court enter an order that expressly modifies, vacates, or suspends the judgment. In the absence of such an express order, the twenty-one day time period is not interrupted, and the case will no longer be under the control of the trial court when the original twenty-one day time period has run. See Godfrey v. Williams, 217 Va. 845, 845-46, 234 S.E.2d 301, 301-02 (1977).

The September 12, 2000 order in the present case stated that the trial court would "retain jurisdiction over this action . . . [to] consider and rule on" Super Fresh's motion for reconsideration. Unlike the context in which the phrase "retain jurisdiction" was used by the trial court in Concerned Taxpayers, it is evident that the trial court here was not forestalling the commencement of the twenty-one day time period of Rule 1:1 but, rather, it was attempting to interrupt the twenty-one day time period of Rule 1:1 that had begun on August 23, 2000 when final judgment had been entered. In doing so, that order clearly did not vacate, modify, or suspend that judgment. The sole purpose of the September 12, 2000 order was to permit the trial court to take under advisement the motion for reconsideration filed after the entry of the final judgment. Such an action by the trial court does not toll or extend the

10

running of the twenty-one day time period of Rule 1:1.  See In re Commonwealth, Department of Corrections, supra.

Accordingly, we hold that the language of the September 12, 2000 order purporting to extend the period of the trial court's jurisdiction beyond the post-judgment twenty-one day time period of Rule 1:1 was ineffective because that order did not modify, vacate, or suspend the final judgment rendered by the August 23, 2000 order.  The trial court's subsequent actions were void for want of jurisdiction, and the time for filing a notice of appeal was thirty days from the date of the entry of the August 23, 2000 order.  Rule 5:9.  Super Fresh's notices of appeal were filed well beyond that time frame and, thus, this Court lacks jurisdiction to consider any appeal from the judgment rendered in the August 23, 2000 order.  School Board of City of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989); Vaughn v. Vaughn, 215 Va. 328, 329, 210 S.E.2d 140, 142 (1974).

Having resolved this particular appeal, we take this opportunity to emphasize that the provisions of Rule 1:1 are mandatory in order to assure the certainty and stability that the finality of judgments brings.  Once a final judgment has been entered and the twenty-one day time period of Rule 1:1 has expired, the trial court is thereafter without jurisdiction in the case.  Thus, only an order within the twenty-one day time

11

period that clearly and expressly <u>modifies</u>, <u>vacates</u>, or <u>suspends</u> the final judgment will interrupt or extend the running of that time period so as to permit the trial court to retain jurisdiction in the case.  See <u>Davis v. Mullins</u>, 251 Va. 141, 150, 466 S.E.2d 90, 94 (1996).  Finally, we also stress that a judgment which has been properly vacated or suspended under Rule 1:1 does not become a <u>final</u> judgment thereafter without a subsequent order confirming it as originally entered or as modified.

CONCLUSION

For these reasons, we hold that the order awarding an appeal to Super Fresh was improvidently granted and, accordingly, that order will be vacated and the appeal dismissed.

<u>Dismissed</u>.

12