# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth Transportation
Commissioner of Virginia

v.

Khalid B. Mohamed

April 22, 2010

Case No. CL 2007-14973

BY JUDGE R. TERRENCE NEY

This matter came before the Court on Respondent's Motion for a Hearing for Reimbursement of Expert Costs. After considering the pleadings and briefs filed by counsel and the transcript of the January 30, 2009, hearing, the Court took the matter under advisement. The following embodies the Court's ruling.

*Facts*

These facts are derived from the parties' briefs on this matter as well as the transcript from the hearing on January 30, 2009.

This case involves the confirmation of a jury report of just compensation for the Respondent, Khalid B. Mohamed against the Petitioner, the Commonwealth Transportation Commissioner of Virginia ("CTC") in a condemnation action. This court previously entered an Order on January 30, 2009, ("Order") overruling CTC's exceptions and confirming the jury report.

The present controversy stems from the seemingly contradictory language in the Order. At the request of Mohamed, the Order states that

"this case is final." However, also at the request of Mohamed, the Order states that "[t]he Respondent reserves the right to pursue his claim for reasonable expert costs under § 25.1-245 of the Code of Virginia. . . ." In the twenty-one day period after the Order was entered, no such hearing on expert costs occurred nor was the Order suspended, modified, or vacated. Mohamed subsequently filed a Motion for Hearing for Reimbursement of Expert Costs, and now the Court must decide whether it retains jurisdiction to decide the issue of expert costs or whether it has been divested of jurisdiction to decide the issue because twenty-one days have passed since the entry of the Order.

Mohamed argues that the Order sufficiently reserved jurisdiction to decide the issue of expert costs, notwithstanding the language purporting to make the Order a final order, and therefore the Court retains jurisdiction over this limited issue. Mohamed primarily relies on *Mina v. Mina*, which held that "an order that 'retains jurisdiction to reconsider the judgment or to address other matters still pending' is not a final order under Rule 1:1 and does not commence the running of the 21-day period." 45 Va. App. 215, 220, 609 S.E.2d 622, 625 (2005) (quoting *Super Fresh Food Markets of Va., Inc. v. Ruffin*, 263 Va. 555, 561, 561 S.E.2d 734, 737 (2002)). Having reserved the issue of reimbursement of expert costs, Mohamed argues that the Order was not a final order.

Mohamed also argues that the use of the specific words, "retain jurisdiction," in the Order is not required. Mohamed cites *Concerned Taxpayers of Brunswick County v. County of Brunswick* for the proposition that an order which did not contain the exact phrase, but nevertheless contemplated further relief, was sufficient for the court to retain jurisdiction. 249 Va. 320, 331-33, 455 S.E.2d 712, 718-19 (1995). Mohamed also cites *Norfolk Redevel. & Housing Auth. v. C and C Real Estate, Inc.*, in which, after the Virginia Supreme Court affirmed the trial court's dismissal of the attempted condemnation, the trial court decided the issue of costs and fees even though the original order did not use the exact phrase, "retain jurisdiction." 72 Va. Cir. 464, 2007 Va. Cir. LEXIS 162 (City of Norfolk 2007).

Mohamed finally argues that § 25.1-239(A) of the Code of Virginia requires that a court enter a final order when confirming a jury's award of just compensation but that the court specifically reserved jurisdiction over this issue.

CTC argues that the language in the Order purporting to reserve jurisdiction on the issue of expert costs was not a sufficient express reservation of jurisdiction by the court and has been rendered surplusage

by the passing of the twenty-one days and by the sole fault of Mohamed. CTC argues that an express reservation of jurisdiction is required for the court to retain jurisdiction when entering a final order and that this Order did not do so.

CTC also disagrees with Mohamed's interpretation of the holding in *Concerned Taxpayers*. The court in fact stated there that "the trial court expressly reserved jurisdiction over the ... motion for sanctions in the two orders *which preceded* the final order. . . ." 249 Va. at 332-33, 455 S.E.2d at 719 (emphasis added). CTC also argues that the actions of the trial court in *C and C Real Estate* are not relevant because neither the trial court nor the Supreme Court addressed the issue of jurisdiction in their opinions.

CTC also argues that Mohamed should be estopped from now asserting that the Order was not final when Mohamed previously argued to the court that the Order must be final. CTC finally argues that despite the requirement that the entry of a jury award of just compensation be embodied in a final order, as stated in § 25.1-239(A) of the Code of Virginia, this does not create an exception to Rule 1:1.

*Analysis*

The issue of the doctrine of judicial estoppel must be resolved first because, if Mohamed is estopped from arguing that the Order was not final, then this Court would not have jurisdiction to hear the issue of expert costs. The Virginia Supreme Court explained the doctrine of judicial estoppel in *Matthews v. Matthews*, 277 Va. 522, 529, 675 S.E.2d 157, 160-61 (2009) (internal citations omitted):

> Judicial estoppel forbids a party from assuming successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory. ... Along with a prior inconsistent factual position or positions and identical parties, the party asserting the inconsistent position must have also persuaded the court to accept that earlier position.

However, the Court has also stated that "[a] person who has taken an erroneous position on a question of law is ordinarily not estopped from later taking the correct position, provided his adversary has suffered no harm or prejudice by reason of the change." *Lofton Ridge, L.C.C. v. Norfolk Southern Ry.*, 268 Va. 377, 382, 601 S.E.2d 648, 651 (2004)

(quoting *The Pittston Co. v. O'Hara*, 191 Va. 886, 904, 63 S.E.2d 34, 43 (1951)). Mohamed's inconsistent arguments as to whether the court retains jurisdiction and whether the Order was indeed final seem to fall in the latter category, positions on a question of law. The doctrine of judicial estoppel does not bar Mohamed from arguing that the Order was not final.

The next issue is whether an otherwise final order must use specific language to reserve jurisdiction to decide an issue. The Supreme Court, in *Super Fresh*, clarified the *Concerned Taxpayers* case to show that neither of the two orders which purportedly reserved jurisdiction were final orders; instead, a third order which was entered was the final order. 263 Va. at 561-62, 561 S.E.2d at 737-38. The first order entered in *Concerned Taxpayers* stated that the court "would reconsider the Concerned Taxpayer's request to file an amended bill of complaint" and "granted [certain respondents] leave to file 'additional submissions and a Notice of Hearing upon their Motion for Sanctions within twenty-one (21) days after entry of this Order'." *Id.* at 561, 561 S.E.2d at 737-38 (quoting *Concerned Taxpayers*, 249 Va. at 331-32, 455 S.E.2d at 718). The second order, entered more than twenty-one days later, expressly stated that the court "would 'retain jurisdiction' over the … request for sanctions." *Id.* at 561, 561 S.E.2d at 738 (quoting *Concerned Taxpayers*, 249 Va. at 332, 455 S.E.2d at 718). In *Super Fresh*, the court clarified that its holding in *Concerned Taxpayers* was that the first two orders expressly reserved jurisdiction and therefore were not final. Only the third order, entered after the hearing on the motion for sanctions, was a final order.

Mohamed correctly asserts that the language in the first order in *Concerned Taxpayers*, although not using the specific words "retain jurisdiction," did in fact sufficiently express the court's intention to retain jurisdiction. However, the first order in *Concerned Taxpayers* is different from the Order in this case because it did not purport to be a final order. Although CTC argues that the first order did in fact expressly reserve jurisdiction, the court in *Super Fresh* clarified that the order did not use those specific terms. *Concerned Taxpayers*, as clarified by *Super Fresh*, clearly holds that an order that did not use the term "retain jurisdiction," but used wording indicating that specific intent, was sufficient to make the order non-final.

The difference here is that unlike the first order in *Concerned Taxpayers*, this Order's language was far from clear in declaring that the court intended to retain jurisdiction. Instead, the Order simply states that Mohamed "reserves the right to pursue his claim for reasonable expert costs. . . ." The Order did not say that the court reserved the right to hear

Mohamed's claim for expert costs. The reservation of the issue was made by Mohamed, not the court. This provision in the Order could reasonably be interpreted as allowing Mohamed to pursue his expert costs claim in a separate action without being subject to collateral estoppel issues. In fact, Mohamed understood this as a possible option.

At the hearing on January 30, 2009, at the time of entry of the Order, Mohamed's counsel requested that the Order be final and stated, "You are saying that if we do not enter the costs now, we cannot have a final. Specifically, the code reserves the right for the Court; it says, Your Honor, *in another proceeding. It does not say in this proceeding; in another proceeding.*" January 30, 2009, transcript, p. 21, l. 18-22 (emphasis added).

Mohamed also understood that the entry of this Order, as a final order, would possibly jeopardize his ability to come back and argue the issue of expert costs. Mohamed's counsel stated, "So based on that, Your Honor, I am going to ask that the Court enter a final order today, and I will take my chances with the costs. That ought to make [CTC's counsel] feel real comfortable, because *I guess he will then raise and say we have a final order entered, and, therefore — but I will take my chances.* I would like Your Honor to enter a final order today." Transcript, p. 22, l. 1-9 (emphasis added). The parties both crossed out "continued" and wrote, in capital letters and initialed by both parties, "FINAL." Both parties, and the court, understood this to be a final order from which either party would be able to appeal immediately.

Based on this, the Order entered on January 30, 2009, was a final order within the meaning of Rule 1:1. During the twenty-one days after the Order was entered, it was not suspended, modified, or vacated. This Court now does not have jurisdiction to hear Respondent's Motion.

Respondent's Motion for Hearing for Reimbursement of Expert Costs is denied.