# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 9th day of April, 2020.*

Present: Goodwyn, Mims, Powell, Kelsey, McCullough, and Chafin, JJ., and Millette, S.J.

Elelake James Jefferson, Jr.                                                        Appellant,

 against                          Record No. 180993
                                 Court of Appeals No. 1616-17-4

Commonwealth of Virginia,                                              Appellee.

                                                  Upon an appeal from a judgment
                                          rendered by the Court of Appeals of
                                          Virginia.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment of the Court of Appeals.

On August 31, 2015, the Circuit Court of the City of Winchester entered a deferred disposition against Elelake James Jefferson, Jr., on charges of abduction and assault and battery of a family member. The trial court found the evidence sufficient to sustain a finding of guilt but deferred adjudication and imposed certain terms and conditions of probation. Jefferson failed to successfully complete those terms and conditions and was later adjudicated guilty of the underlying charges on August 1, 2017. The August 8, 2017 conviction order set a sentencing hearing for August 28, 2017.

On August 28, 2017, Jefferson appeared with counsel before the trial court. The trial court announced that, having previously found Jefferson guilty of the underlying charges, Jefferson would be sentenced consistent with the plea agreement that had been incorporated into the deferred disposition order. That same day, the trial court entered a sentencing order (the "original order") memorializing the date of the hearing. The original order noted the adjudication of guilt, remanded Jefferson to the custody of the sheriff, and recorded the terms of Jefferson's sentence, which included periods of incarceration, both active and suspended; imposition of costs; terms and conditions of supervised probation; and a notation that Jefferson would be given credit for time served. The original order was signed by the court, but the

handwritten date was noted incorrectly, stating "ENTER this 28th day of August, 2018" instead of 2017.

Jefferson brought the mistake to the court's attention,[1] and the court entered an amended sentencing order (the "amended order") on September 15, 2017. The amended order appeared identical to the original order in every way, even appearing to be a copy of the original order, but for a few added handwritten notations on the first and last pages. On the first page of the order, the court wrote "Amended" above the heading "SENTENCING ORDER" and placed an asterisk next to it. At the bottom of the page, next to a corresponding asterisk, the court noted, "Order amended to reflect date order was entered on August 28, 2017." On the last page, where the year of the entry date had originally been written as "2018," a "7" had been superimposed on the "8" so that it instead read as "2017." The court acknowledged the edit by initialing and writing the date it made the correction, September 15, 2017, to the right of the corrected date of entry. The terms and conditions of Jefferson's sentence were left unchanged, and there was no language added indicating the court was modifying, vacating, or suspending the judgment of the original order.

On October 3, 2017, Jefferson appealed his convictions to the Court of Appeals, identifying the date of final judgment from the trial court as September 15, 2017. On June 27, 2018, the Court of Appeals dismissed Jefferson's appeal as untimely under Rule 5A:6, which requires that an appeal to the Court of Appeals be noted within thirty days of the entry of final judgment. *See also* Code § 8.01-675.3. In its per curiam order, the Court of Appeals reasoned that "no judgment was entered on September 15, 2017," because "[a]n order that 'resolve[s] the pending charges and specifie[s] the total sentence imposed, including the total term of years, the years suspended, the fines, and the period of post-release supervision' is a final order even if it is later amended to correct an error or omission." *Jefferson v. Commonwealth*, Record No. 1616-17-4 (June 27, 2018) (quoting *Minor v. Commonwealth*, 66 Va. App. 728, 740 (2016)). The Court of Appeals noted that the original order of August 28, 2017 was the final appealable order and that the amended order of September 15, 2017 was simply entered to correct a scrivener's error.

---

[1] This is not reflected in the record, but at oral argument Jefferson acknowledged bringing the mistaken date to the trial court's attention.

Jefferson appealed to this Court, assigning error to the Court of Appeals' reliance on *Minor* in holding that the amended order was not the final order for purposes of noting his appeal. Jefferson contends that the original order left open a vital question that prevented it from being a final order, namely the precise date it was entered. He argues that this vital question was not resolved until the entry of the amended order on September 15. Furthermore, because the amended order was entered within twenty-one days of the original order, included the notation that it was amended, and included a new date and signature, the amended order became the final order and his timeline for filing his notice of appeal began anew. In so arguing, Jefferson asserts that the Court of Appeals' reliance on *Minor* was misguided because *Minor's* holding pertained to a trial court's authority to enter corrective orders after the twenty-one-day period of Rule 1:1 has elapsed.

We need look no further than well-established precedent to find that the original order, not the amended order, was the final appealable order in Jefferson's case and that his intermediate appeal was therefore untimely.

"To determine the timeliness of a notice of appeal from a final judgment, obviously it is first necessary to determine the date of the action of the trial court that constitutes the final judgment," which is generally marked by the entry of a final order. *Super Fresh Food Markets of Virginia, Inc. v. Ruffin*, 263 Va. 555, 560 (2002). This Court has consistently held that "[a] final order is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." [2] *Daniels v. Truck & Equip. Corp.*, 205 Va. 579, 585 (1964) (quoting *Marchant & Taylor v. Mathews Cty.*, 139 Va. 723, 734 (1924)); *see also McLane v. Vereen*, 278 Va. 65, 70 (2009); *Comcast of Chesterfield Cty., Inc. v. Board of Supervisors*, 277 Va. 293, 301 (2009); *Upper Occoquan Sewage Auth. v. Blake Constr. Co.*, 275 Va. 41, 60 (2008); *James v. James*, 263 Va. 474, 481 (2002); *Super Fresh*, 263 Va. at 560.

---

[2] Rule 1:1 was amended as of November 1, 2018—after Jefferson's appeal—to expressly include similar language: "Unless otherwise provided by rule or statute, a judgment, order or decree is final if it disposes of the entire matter before the court, including all claim(s) and all cause(s) of action against all parties, gives all the relief contemplated, and leaves nothing to be done by the court except the ministerial execution of the court's judgment, order or decree." Rule 1:1(b).

In the criminal context, this Court has held that a sentencing order is a final order, *see Lewis v. Commonwealth*, 295 Va. 454, 467 n.3 (2018), particularly where the sentencing order has "adjudicated guilt, imposed a sentence, [and] remanded [the defendant] to the custody of the sheriff," *Burrell v. Commonwealth*, 283 Va. 474, 478 (2012). The date of entry of a final order, and consequently the date that begins a defendant's deadline to file an appeal, "shall be the date it is signed by the judge." Rule 1:1 (2011).[3]

As discussed, the original order entered by the trial court in this case reflected Jefferson's adjudication of guilt; imposed a sentence, including the imposition of costs and supervised probation; and remanded Jefferson to the custody of the sheriff. Thus, the original order was a final order because it provided with reasonable completeness the details needed for giving effect to the sentence and left nothing to be done but the ministerial execution of the order. *See Daniels*, 205 Va. at 585. In the execution of the order, however, the trial court made a mistake. In what was clearly a scrivener's error, or clerical mistake, it signed the wrong date. To correct this error, the trial court entered the amended order to "reflect [the] date [the] order was entered," which the court specified was "August 28, 2017." Contrary to Jefferson's assertions, this amended order did not become the final order in his case.

After the entry of a final order, Rule 1:1 (2011) states that the order will remain under the trial court's control for twenty-one days following the date of entry. The rule "is not applicable prior to the entry of a final judgment," and the twenty-one-day period itself "does not delay the finality of a judgment." *Super Fresh*, 263 Va. at 561. Rather, the finality of a judgment can be interrupted "only by the entry, within the twenty-one[-]day period, of an order modifying, vacating, or suspending the final judgment order." *Id.* at 560.

Parallel to Rule 1:1 (2011) is Code § 8.01-428(B), which allows for the correction of "[c]lerical mistakes in all judgments . . . arising from oversight or from inadvertent omission." "[S]crivener's or similar errors in the record, which are demonstrably contradicted by all other documents, are clerical mistakes" that "cause the court's record to fail to 'speak the truth.'" *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 221 (2005) (quoting *Wellmore Coal Corp. v. Harman Mining Corp.*, 264 Va. 279, 283 (2002)). Such mistakes "may be corrected by

---

[3] For purposes of this order, we cite to the version of Rule 1:1 that was in effect at all times relevant to Jefferson's case. However, we note that the 2018 amendment to Rule 1:1 did not change the cited language but simply designated it as subpart (a).

4

the court at any time on its own initiative . . . ." Code § 8.01-428(B). This Court has been careful to note that the "power to amend should not be confounded with the power to create," and that such corrections "should not be made to supply an error of the court or to show what the court should have done as distinguished from what actually occurred." *Council v. Commonwealth*, 198 Va. 288, 292 (1956). Instead, this power of correction "extends no further than the power to make the record entry speak the truth." *Id.*

It was clear that the original order's statement that it was entered "*this* 28th day of August, *2018*" did not speak the truth, since a contemporaneous order could not be entered on a date that had not yet come to pass. (Emphasis added.) The context provided by the record demonstrates that the original order was actually entered on August 28, 2017, the same day as Jefferson's sentencing hearing. This is supported by the conviction order setting the date of the sentencing hearing as August 28, 2017; the original order noting that the sentencing hearing took place on August 28, 2017; and the sentencing hearing transcript being dated August 28, 2017.

Because a "trial court speaks only through its written orders" and written "orders speak as of the day they were entered," *Davis v. Mullins*, 251 Va. 141, 148 (1996), the best way for the trial court to make the original order "speak the truth," *Remley*, 270 Va. at 221; *Council*, 198 Va. at 292, was through the entry of another order. Thus, it entered the amended order and explicitly noted that the purpose of the amendment was to reflect the correct date that the original order was entered.

At oral argument, Jefferson placed great significance on the fact that the amended order was labelled as "Amended," as well as initialed and dated on September 15, 2017. Regardless of how the amended order was labelled, it is clear on its face and from its substance that the only amendment was the date of entry of the original order. Significantly, in making its correction, the trial court changed only the last digit of the year so that it stated "2017" instead of "2018." It did not change the month or the day, nor did it indicate that the date of the amended order should supersede that of the original order. The accompanying initials and September date adjacent to the court's original signature and corrected entry date, however, were necessary to reflect that it was an official action taken by the court.

Most importantly, the amended order made no mention of modifying, vacating, or suspending the judgment contained in the original order. Absent a clear indication of one of these specific actions, the correction of the clerical error was not an action that could disrupt the

5

finality of the original order.  Thus, even if Jefferson had not been the party that notified the trial court of the mistaken entry date, when the trial court entered the amended order on September 15, 2017, Jefferson should have been aware that his time to file his notice of appeal was already running, and that he had until September 27, 2017 to do so.[4]  *See* Rule 5A:6(a); Code § 8.01-675.3.  Nevertheless, Jefferson waited until October 3 to file his notice of appeal, after the statutorily prescribed thirty days had passed.

The Court of Appeals was correct in identifying the original order as the final order that recorded Jefferson's adjudication of guilt, imposed sentence, and remanded Jefferson to the custody of the sheriff.  The per curiam order relied on limited quoted language from *Minor* as a restatement of characteristics this Court has previously identified that denote a final sentencing order in criminal cases.  To the extent the per curiam order states that such an order "is a final order even if it is later amended to correct an error or omission," *Jefferson*, Record No. 1616-17-4, we note that this is accurate so long as the amendment falls within the parameters discussed above: corrections limited to making the record "speak the truth."  *Remley*, 270 Va. at 221; *Council*, 198 Va. at 292.  Because that is the type of amendment at issue here, and because the amended order did not modify, vacate, or suspend the judgment contained in the original order, the Court of Appeals correctly found that the amended order was not the final order in Jefferson's case.  Therefore, Jefferson's notice of appeal filed on October 3, 2017, more than thirty days after the final order of August 28, 2017, was untimely and dismissal of his appeal was appropriate under Rule 5A:6.

Accordingly, we affirm the Court of Appeals' dismissal of the appeal.

This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Winchester.

A Copy,

Teste:

Douglas B. Robelen, Clerk

---

[4] Though unnecessary to this disposition, we note that a notice of appeal may also be filed after the court announces its decision but before the entry of final judgment, and such a filing is "treated as filed on the date of and after the entry."  *See* Rule 5A:6(a).

6