COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Ortiz and Senior Judge Annunziata

RAZA H. SIKANDAR, SOMETIMES KNOWN AS
  RAZA HASAN SIKANDAR

MEMORANDUM OPINION*
v.      Record No. 1030-22-4                                    PER CURIAM
                                                              AUGUST 8, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Stephen E. Sincavage, Judge

(Mary L. Hill, Deputy Public Defender, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Leah A. Darron, Senior
Assistant Attorney General; J. Brady Hess, Assistant Attorney
General, on brief), for appellee.


Raza Hasan Sikandar challenges the circuit court's judgment revoking his previously

suspended sentence and imposing one year and six months' incarceration. We do not have

jurisdiction to consider Sikandar's first two assignments of error, however, because he did not file a

timely notice of appeal challenging the final revocation order. In addition, the circuit court did not

have jurisdiction to consider Sikandar's motion to withdraw his "guilty plea," which he filed three

months after the circuit court entered the final revocation order. After examining the briefs and

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

In 2009, the circuit court convicted Sikandar of five counts of obtaining money by false pretenses and five counts of issuing a bad check. In January 2010, the court sentenced Sikandar to a total of 10 years' incarceration with 6 years and 6 months suspended, conditioned on his successful completion of supervised probation. Sikandar finished his term of active incarceration and began supervised probation on March 3, 2014. Sikandar's supervision was transferred to a probation office in Maryland, where he lived with his father.

In June 2015, Sikandar was convicted in Maryland of misdemeanor driving under the influence. Sikandar also failed to report to his probation officer that he had been charged with new criminal offenses, including several larcenies, criminal traffic offenses, and providing a false or fictitious name to law enforcement. Furthermore, Sikandar had not paid any restitution and had missed an appointment with his probation officer. Accordingly, on January 29, 2016, the circuit court issued a capias for Sikandar's arrest.

On November 18, 2020, Sikandar was apprehended at an airport in New York while attempting to enter the United States from the Czech Republic using a falsified passport. An agent from the Department of State Diplomatic Security Service reported that Sikandar entered federal custody on December 4, 2020, for his then-pending federal charges of misuse of a passport and aggravated identify theft.

On July 1, 2021, Sikandar, by counsel, filed a "notice" asserting his right to a "speedy and prompt revocation hearing." He also moved to dismiss the probation violation, asserting that his due process right to a "reasonably prompt revocation hearing" had been violated. He argued that the federal magistrate judge had denied bond on the federal charges in part because of his pending case in Virginia. Further, he contended that the delay in his probation violation case since his arrest in December 2020 was due to the Commonwealth's inability to serve the capias. On October 7, 2021, the circuit court denied Sikandar's motion to dismiss. The denial order stated that the court had considered argument from the parties during a hearing on September 9, 2021, and the motion was denied for the "reasons stated [on] the record."[1]

At a remote hearing on his capias, Sikandar stipulated that he had violated the terms and conditions of his probation and the circuit court revoked and reimposed the balance of his previously-suspended sentences. The court resuspended all but one year and six months, conditioned on Sikandar's successful completion of supervised probation. The final revocation order withdrew the outstanding capias and remanded Sikandar to the custody of the sheriff to await transportation to the Department of Corrections.

On February 14, 2022, after the revocation hearing but before the circuit court entered the revocation order, Sikandar filed a *pro se* motion for reconsideration. The motion asked the circuit court to modify his sentence to "no jail time," consistent with the "new 2021 guidelines." Sikandar also alleged that a mistake had occurred during the remote hearing because he intended to plead "not guilty" and had been "on sedative meds." The circuit court denied Sikandar's motion because it was filed ex parte and, in any event, was invalid because it had not been signed by Sikandar's counsel of record.

---

[1] The record does not contain a transcript of the September 9, 2021 hearing.

On March 15, 2022, the circuit court sua sponte entered an order directing the clerk to place Sikandar's cases on the docket for a "review date to ensure the transport of [Sikandar], upon his release from [f]ederal incarceration in New York, to Virginia" to serve his active sentence. The order instructed Sikandar's attorney to ensure Sikandar's appearance "by electronic communication." Sikandar's attorney subsequently moved to withdraw as counsel due to an irreconcilable conflict, so the circuit court continued the matter to June 2, 2022.

On May 25, 26, and 27, 2022, Sikandar, *pro se*, filed numerous documents and "exhibits" as part of an "omnibus motion." In the motion, Sikandar asked the circuit court to allow him to withdraw his "guilty plea" and resentence him. He argued that the circuit court had violated his due process rights by accepting his guilty plea even though it was not entered freely and voluntarily. The various documents attached to the omnibus motion included copies of several federal and state statutes, the alleged indictment and other documents related to his federal charges, emails exchanged between Sikandar and his attorney, correspondence between Sikandar and the Virginia State Bar, documents purporting to notify Sikandar that several Maryland charges were dismissed via nolle prosequi, and a record of his mental and physical ailments.

On June 2, 2022, the circuit court held a hearing on counsel's motion to withdraw.[2] By order entered on June 6, 2022, the circuit court granted counsel's motion to withdraw and further found that, based on the evidence presented at the hearing, "no further detainer [wa]s required . . . to insure" Sikandar's extradition to the Commonwealth upon completion of his federal sentence. The order also stated that the court had "review[ed]" Sikandar's "voluminous filings."

On June 15, 2022, Sikandar filed a notice of appeal challenging the circuit court's revocation order and subsequent failure to address his motions. On December 15, 2022, upon Sikandar's *pro se* motion, this Court directed the circuit court to appoint an attorney to assist him in

---

[2] The record also does not include a transcript of the June 2, 2022 hearing.

- 4 -

pursuing his appeal. Our order provided that the time for filing the opening brief would "commence on the date of entry of the order appointing counsel." On December 22, 2022, the circuit court appointed the Office of the Public Defender to represent Sikandar.[3]

On appeal, Sikandar argues that the circuit court erred by denying his motion to dismiss the probation violation case because the five-year delay between the capias and revocation hearing violated his due process right to a speedy resolution. He also argues that the circuit court erred by failing to grant a hearing on his motions to reconsider its ruling and impose no active incarceration. Finally, Sikandar argues that the circuit court erred by denying without a hearing his motion to withdraw his "guilty plea" because the plea was not entered knowingly, voluntarily, and intelligently.

ANALYSIS

I. This Court lacks jurisdiction to review the February 25, 2022 revocation order.

"Before addressing the merits of an appeal, we first must determine whether we have jurisdiction." *Minor v. Commonwealth*, 66 Va. App. 728, 737 (2016). "Except as otherwise provided by statute, *no appeal will be allowed* unless, within 30 days after entry of final judgment or other appealable order or decree, . . . counsel files with the clerk of the trial court a notice of appeal," and provides a copy of the notice to opposing counsel. Rule 5A:6(a) (emphasis added); *see also* Code § 8.01-675.3 (providing that "a notice of appeal to the Court of Appeals in any case within the jurisdiction of the court shall be filed within 30 days from the date of any final judgment order, decree, or conviction"). "[F]iling a timely notice of appeal is a mandatory prerequisite to an appellate court acquiring jurisdiction." *Ghameshlouy v.*

---

[3] Sikandar's appointed counsel has since filed a motion to withdraw citing Sikandar's dissatisfaction with her representation and asserting that "a conflict has arisen with the representation provided to him." We deny that motion.

*Commonwealth*, 279 Va. 379, 390 (2010) (citing *Super Fresh Food Mkts of Va., Inc. v. Ruffin*, 263 Va. 555, 563 (2002)).

"'To determine the timeliness of a notice of appeal from a final judgment, obviously it is first necessary to determine the date of the action of the trial court that constitutes the final judgment,' which is generally marked by the entry of a final order." *Jefferson v. Commonwealth*, 298 Va. 473, 475 (2020) (quoting *Super Fresh*, 263 Va. at 560). "[A] final order is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." *Id.* (quoting *Daniels v. Truck & Equip. Corp.*, 205 Va. 579, 585 (1964)). "In a criminal case, the final order is the sentencing order." *Dobson v. Commonwealth*, 76 Va. App. 524, 528 (2023) (quoting *Johnson v. Commonwealth*, 72 Va. App. 587, 596 (2020)). "The date of entry of a final order, and consequently the date that begins a defendant's deadline to file an appeal, 'shall be the date it is signed by the judge.'" *Jefferson*, 298 Va. at 476 (quoting Rule 1:1).

The circuit court's February 25, 2022 revocation order disposed of the entire matter pending before the court by finding that Sikandar had violated the terms and conditions of his probation, revoking his previously suspended sentences, and resuspending all but one year and six months conditioned on the successful completion of supervised probation. Indeed, the order explicitly withdrew the capias underlying this case and remanded Sikandar to the sheriff's custody to await transfer to the DOC. A criminal sentencing order is the final order, particularly when that order has "adjudicated guilt, imposed a sentence, [and] remanded [the defendant] to the custody of the sheriff." *Id.* (alterations in original) (quoting *Burrell v. Commonwealth*, 283 Va. 474, 478 (2012)). Thus, the February 25, 2022 revocation order was the final order.

Sikandar, however, did not file his notice of appeal challenging that judgment until June 15, 2022, well outside the 30-day deadline proscribed in Rule 5A:6(a).

Sikandar's February 14, 2022 *pro se* motion for the circuit court to reconsider its ruling did not toll or otherwise extend the 30-day deadline, as "[t]he time period for filing the notice of appeal is not extended by the filing of a motion for a new trial, a petition for rehearing, or a like pleading unless the final judgment is modified, vacated, or suspended by the trial court" under Rule 1:1. Rule 5A:3(a). Moreover, the circuit court's subsequent orders addressing collateral, ministerial matters did not extend the notice of appeal deadline as those orders did not modify, vacate, or suspend the revocation order. Rather, the subsequent orders were entered as part of the circuit court's efforts to ministerially guarantee its final judgment was executed. *See Jefferson*, 298 Va. at 475.

Sikandar's first assignment of error challenges the circuit court's ruling denying his motion to dismiss the probation violation case because his due process right to speedy resolution was violated. His second assignment of error argues that the circuit court erred by "not granting [him] a hearing" on his February 14, 2022 motion to reconsider its final judgment. We do not have jurisdiction to consider either assignment of error because Sikandar did not timely note his appeal from the circuit court's February 25, 2022 final revocation order. *See Sanchez v. Commonwealth*, 14 Va. App. 256, 259-60 (1992) (holding that when a defendant does not timely file a notice of appeal, this Court is without jurisdiction).[4]

---

[4] Sikandar argues that this Court's December 15, 2022 order directing the circuit court to appoint him an attorney extended the notice of appeal deadline. We disagree. Our order provided that "[t]he time for filing *the opening brief* . . . shall commence on the date of entry of the order appointing counsel." (Emphasis added). It did not extend or otherwise address the notice of appeal deadline.

II. The circuit court was without jurisdiction to consider Sikandar's "omnibus motion" to withdraw his alleged guilty plea.

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and *no longer*." Rule 1:1(a) (emphasis added). "The running of the twenty-one-day period commences with the entry of the final order and 'may be interrupted only by the entry, within the 21-day period after final judgment, of an order [modifying,] suspending or vacating the final order.'" *Minor*, 66 Va. App. at 739 (quoting *James v. James*, 263 Va. 474, 482 (2002)). "Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1." *Id.* (quoting *Sch. Bd. v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 556 (1989)). Accordingly, "[u]nless a court [modifies,] vacates or suspends a final order during the twenty-one-day period or some other exception to the general rule applies, the court loses jurisdiction over the case and any action taken by the trial court after the twenty-one-day period has run is a nullity." *Id.* at 739-40 (citing *James*, 263 Va. at 483).

As noted, the circuit court entered the revocation order on February 25, 2022. Sikandar filed his "omnibus motion" on May 25, 2022. The circuit court entered the order granting counsel's motion to withdraw on June 6, 2022. Although Sikandar's notice of appeal was timely concerning that ruling, it is nevertheless unavailing because the circuit court had already lost jurisdiction to consider the "omnibus motion" to withdraw his "guilty plea." To be sure, when a circuit court purports to rule on a motion to withdraw a guilty plea after it has lost jurisdiction under Rule 1:1(a), this Court is without jurisdiction to consider an appeal from that ruling. *Id.* at 739-43 (dismissing an appeal that challenged the circuit court's denial of a motion to withdraw his guilty plea because the circuit court did not have jurisdiction to consider the motion under Rule 1:1(a)). The record reveals

- 8 -

that, consistent with the above authority, the circuit court appropriately did not rule on Sikandar's "omnibus motion"; rather, it stated that it had merely reviewed his "voluminous filings." Thus, Sikandar has failed to demonstrate that the circuit court erred.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed in part and dismissed in part.

*Affirmed in part and dismissed in part.*