Present:  All the Justices

MELISSA ANN WAGNER

v.  Record No. 981454  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    April 16, 1999
KAREN DENISE SHIRD

FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
James F. D'Alton, Judge


In this appeal, we address the finality of judgments under Rule 1:1 and determine whether the circuit court still had control over a final order at the time it modified that order.  Because the court's 30-day suspension of its final order expired without entry of an order to extend the length of the stay, we conclude that the court no longer retained jurisdiction over this action when it entered an order of remittitur.  Accordingly, we will reverse the judgment of the circuit court and reinstate the jury's verdict in favor of the plaintiff.

On September 1, 1994, Melissa Ann Wagner filed a motion for judgment against Karen Denise Shird seeking damages for personal injuries sustained and medical expenses incurred as a result of an automobile accident that occurred in 1993.  After hearing evidence from both parties on January 6, 1998, a jury returned a verdict in favor of Wagner in the amount of $106,000.  That same day,

the circuit court entered a final order awarding judgment for Wagner based on the jury's verdict.

Subsequently, in an order dated January 27, 1998, the circuit court granted Shird's motion to stay the final order it had previously entered. The January 27th order specifically stated that "the Order of Final Judgment of January 6, 1998 is stayed or suspended for a period of 30 days for argument and decision upon [Shird's] Motion for Remittitur." The court heard argument on the motion for remittitur on February 24, 1998, and at the conclusion of the hearing, orally announced its decision from the bench. The court granted the motion, reducing the jury's verdict to $60,000, but it did not enter a written order of remittitur and final judgment until April 21, 1998.

The sole issue in this appeal is whether the circuit court retained jurisdiction over this action at the time it entered the April 21st order. Wagner acknowledges that the circuit court had the authority under Rule 1:1 to modify, vacate, or suspend its January 6th final order within 21 days after the date of entry and that the court entered its January 27th order within that 21-day period. However, Wagner contends that the January 27th order did not stay the January 6th order indefinitely but, instead, specifically limited the duration of the stay to 30 days.

2

According to Wagner, that 30-day period expired on February 26, 1998, without an additional order being entered to extend the length of the stay. Thus, posits Wagner, the January 6th order became final on February 26th, and the circuit court, thereafter, retained no jurisdiction to enter the order of remittitur and final judgment on April 21st, almost two months later.

Shird, on the other hand, argues that the circuit court did not merely suspend the January 6th final order for a specified period but stayed it until the court heard argument on and decided the motion for remittitur. Thus, Shird asserts that the circuit court continued to have jurisdiction over the case until it entered the written order on April 21st reflecting its oral ruling to reduce the jury's verdict. We do not agree.

Rule 1:1 addresses the finality of judgments and provides the following, in pertinent part:

> All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer. . . . The date of entry of any final judgment, order, or decree shall be the date the judgment, order, or decree is signed by the judge.

However, "[t]he running of time under [this rule] may be interrupted . . . by the entry, within the 21-day period

3

after final judgment, of an order suspending or vacating the final order." School Bd. of City of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989); accord Davis v. Mullins, 251 Va. 141, 148–49, 466 S.E.2d 90, 94 (1996).

In the present case, the circuit court suspended the January 6th final order within the 21-day period allowed in Rule 1:1 by entering the order of stay on January 27, 1998. Contrary to Shird's position, the duration of the stay was not tied to the court's resolution of the motion for remittitur. Instead, it was expressly limited to "a period of 30 days." Since the court did not enter an additional order within that 30-day period to continue the stay, the January 6th order became final well before April 21, 1998.[1]

The pendency of Shird's motion for remittitur on the last day of the stay did not extend or toll the running of the 30-day period. See School Bd. of City of Lynchburg, 237 Va. at 556, 379 S.E.2d at 323 (holding pendency of post-judgment motion does not toll or extend running of 21-day period prescribed in Rule 1:1). Nor does the fact that the circuit court had orally announced its decision to

---

[1] The court also did not enter an order to continue the stay during the 21 days after the stay ended. See Norris v. Mitchell, 255 Va. 235, 239, 495 S.E.2d 809, 811 (1998); Rule 1:1.

4

grant Shird's motion for remittitur before the expiration of the 30-day suspension period, but had not yet entered a written order reflecting that decision, extend the length of the stay.

"There is a distinction between the rendition of a judgment and the entry of a judgment." McDowell v. Dye, 193 Va. 390, 393, 69 S.E.2d 459, 462 (1952). While the circuit court may have rendered its judgment on Shird's motion for remittitur at the conclusion of the hearing on February 24, 1998, it did not enter that judgment until April 21, 1998. At that time, the court no longer had jurisdiction over the action because the 30-day stay of the January 6th final order had expired and the court had not entered another order extending the length of the stay. Thus, the April 21st order was a nullity. Davis, 251 Va. at 149, 466 S.E.2d at 94.

Nevertheless, Shird contends that Wagner consented to an extension of the 30-day stay after the court orally announced its decision on the motion for remittitur. While not waiving her argument that the original order of suspension was ineffective, Wagner did indeed agree to continue the stay for an additional period of 30 days so

that the transcript of the hearing could be prepared.[2] Additionally, when questioned about the length of the stay granted in the January 27th order, the court stated, "It did have a 30-day time limit within which to have this hearing . . . ."

Regardless of any agreement by Wagner to extend the length of the stay or the circuit court's statement about the January 27th order, a court speaks only through its written orders.  Davis, 251 Va. at 148, 466 S.E.2d at 94.  And, "'orders speak as of the day they were entered.'"  Id. (quoting Vick v. Commonwealth, 201 Va. 474, 476, 111 S.E.2d 824, 826 (1960)).  Moreover, the parties cannot confer subject matter jurisdiction on the court by agreement.  Morrison v. Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755 (1990).

For these reasons, we will reverse the judgment of the circuit court as reflected in the April 21, 1998 order, reinstate the jury's verdict, and enter final judgment here in favor of Wagner.

Reversed and final judgment.

_____

[2] The circuit court wanted its rationale for granting the motion for remittitur to be recited verbatim in the order.