## CIRCUIT COURT OF FAIRFAX COUNTY

Haas Publishing Cos.

v.

Quantum Communications, Inc.,
Nicholas Ferrari,
and Laurence Lyddane

March 7, 2002

Case No. (Law) 200656

BY JUDGE STANLEY P. KLEIN

This court has received Defendants' Quantum Communications, Nicholas Ferrari, and Laurence Lyddane Motion to Reconsider the default judgment order entered by this court on February 1, 2002.

On December 18, 2001, Plaintiff filed a five count Motion for Judgment against Defendants alleging that Defendants failed to pay Plaintiff for magazine delivery and distribution services. The Motion for Judgment asked for $46,780.80 in damages plus interest and attorney's fees. On December 26, 2001, in Fairfax County, the two individual defendants, Lyddane and Ferrari, and the registered agent for Quantum Communications were all personally served with the Motion for Judgment. No answer was timely filed by any Defendant, pursuant to Virginia Supreme Court Rule 3:5. On January 25, 2002, Plaintiff filed a Motion for Default Judgment with this court to be heard on February 1, 2002. Although Defendants were in default and were not entitled to notice, Plaintiff mailed notice of the hearing to each of the Defendants.

On February 1, 2002, Plaintiff's counsel appeared before this court and presented evidence in support of the Motion for Default Judgment. The court

granted the motion and awarded Plaintiff a judgment against each of the Defendants for damages of $46,780.80 plus interest at 18% per annum from April 1, 2001, and reasonable attorney's fees of $8,805.00. Both the 18% interest rate and attorney's fees were provided for in the parties' contract.

On February 8, 2002, Defendants filed a Motion to Set Aside Judgment by Default, which was heard on February 15, 2002, by the Honorable Michael P. McWeeny. Judge McWeeny held that there was no basis to set aside the default judgment, and he denied the motion without prejudice to Defendants' timely filing a Motion to Reconsider. On February 25, 2002, Defendants filed a Motion to Reconsider.

Final judgments remain within the court's control for twenty-one days after the date of entry, and after twenty-one days has passed, the court loses jurisdiction to modify, vacate, or suspend the order.[1] Va. Sup. Ct. R. 1:1. The Virginia Supreme Court has held that Rule 1:1 is clear, and that "after the expiration of [twenty-one] days from the entry of a judgment, the court rendering the judgment loses jurisdiction of the case, and, absent a perfected appeal, the judgment is final and conclusive." *Rook v. Rook*, 233 Va. 92 (1987). "A final order is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." *Daniels v. Truck & Equip. Corp.*, 205 Va. 579, 585 (1964).

The default judgment order was a final judgment because it disposed of all the issues and allegations in the case and awarded a judgment to the Plaintiff. Hence, on February 1, 2002, the date of entry of the default judgment, the case was final. Pursuant to Rule 1:1, the order remained within the court's control for twenty-one days, or until February 22, 2002. Defendants filed the Motion to Reconsider on February 25, 2002, outside of this twenty-one day period.

Additionally, even if Defendants had filed the Motion to Reconsider within the twenty-one day period, the mere filing of the motion would not have tolled the running of the twenty-one days. The twenty-one days is only tolled when the court enters an order suspending or vacating the final order. *Berean Law Group, P.C. v. Cox*, 259 Va. 622, 626 (2000). The Virginia Supreme Court has held that:

---

[1] Void judgments, or ones obtained through fraud, are not encompassed by Rule 1:1, and may be challenged at any time. *Jones v. Willard*, 224 Va. 602, 607 (1983). No allegation of fraud is asserted here.

neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1.... The running of time under [Rule 1:1] may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order.

*Id.*; *School Bd. of City of Lynchburg v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 556 (1989) (holding pendency of post-judgment motion does not toll or extend running of twenty-one day period prescribed in Rule 1:1); see also *Wagner v. Shird*, 257 Va. 584, 587 (1999).

As more than twenty-one days has elapsed since the entry of the default judgment order, the court no longer has jurisdiction to hear this motion. Accordingly, the Motion to Reconsider is denied.