UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Chafin, Russell and AtLee
Argued at Richmond, Virginia


DAVID MICHAEL ABRUZZESE

MEMORANDUM OPINION* BY
v.      Record No. 0278-17-2      JUDGE TERESA M. CHAFIN
DECEMBER 5, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge

W. Edward Riley, IV (Joseph E. Dean, II; Riley & Wells, on brief),
for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


At the conclusion of a jury trial held in the Circuit Court of the City of Richmond, David

Michael Abruzzese was convicted of felony eluding the police in violation of Code

§ 46.2-817(B) and endangering others while driving with a suspended license in violation of

Code § 46.2-391(D)(2).  On appeal, Abruzzese contends that the circuit court erred by failing to

set aside the jury's verdicts based on:  1) the Commonwealth's failure to disclose exculpatory

evidence prior to trial, and 2) the discovery of new, pertinent evidence after trial.  Abruzzese also

challenges the sufficiency of the evidence supporting his convictions.  For the reasons that

follow, we affirm Abruzzese's convictions.

I.  BACKGROUND

"In accordance with established principles of appellate review, we state the facts in the

light most favorable to the Commonwealth, the prevailing party in the trial court[, and] accord

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the Commonwealth the benefit of all inferences fairly deducible from the evidence." Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). As the present case is determined by its procedural posture, however, a detailed recitation of the facts relating to its merits is unnecessary.

Abruzzese's convictions resulted from a high-speed car chase in downtown Richmond. In part, Abruzzese was linked to a car involved in the chase by its license plates. The car at issue had antique license plates, and records from the Department of Motor Vehicles ("DMV") indicated that Abruzzese owned the car to which those plates were registered. At his trial, Abruzzese testified that he previously turned in the license plates at issue to the DMV following the suspension of his driver's license. The jury rejected this testimony, and convicted Abruzzese of the charged offenses.

The circuit court entered conviction and sentencing orders that were consistent with the jury's verdicts and sentencing recommendations on January 19, 2017.[1] Abruzzese subsequently retained new counsel. On January 24, 2017, Abruzzese filed a motion to set aside the jury's verdicts pursuant to Rule 3A:15(b). He filed an additional motion to set aside the verdicts expanding the arguments presented in his original motion on February 6, 2017.

Abruzzese asserted that he discovered evidence after his trial establishing that the license plates at issue had been physically surrendered to the DMV before the car chase occurred, and he requested the circuit court to set aside the jury's verdicts based on this evidence. Alternatively, Abruzzese argued that the circuit court should set aside the verdicts because the Commonwealth failed to disclose exculpatory evidence regarding the license plates. Abruzzese also argued that

---

[1] We acknowledge that the circuit court entered a revised order to correct a clerical error in Abruzzese's original sentencing order on March 29, 2017. This revision, however, does not affect the outcome of this case. See Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996) ("When acting *nunc pro tunc*, the court does not reacquire jurisdiction over the case.").

the evidence presented by the Commonwealth failed to support his conviction in light of the newly discovered exculpatory evidence and that the Commonwealth's evidence generally failed to establish that he was the driver of the car involved in the chase.

The circuit court held a hearing regarding Abruzzese's post-trial motions on February 9, 2017. After hearing argument from the parties, the circuit court orally denied Abruzzese's motions from the bench. The circuit court did not enter an order pertaining to the post-trial motions, however, until February 15, 2017. Abruzzese timely filed a notice of appeal on the same day, and these proceedings followed.

## II. ANALYSIS

On appeal, Abruzzese contends that the circuit court erred by denying his motions to set aside the verdicts. Abruzzese also argues that the evidence presented by the Commonwealth was insufficient to support his convictions. Upon review, we conclude that we are procedurally barred from considering the merits of Abruzzese's arguments.

### A. ABRUZZESE'S ARGUMENTS REGARDING HIS MOTIONS TO SET ASIDE THE VERDICTS

While Abruzzese contends that the circuit court erred by denying his motions to set aside the verdicts, we conclude that the circuit court did not have jurisdiction to rule on the motions at issue when it entered the order memorializing its decision.

Rule 1:1 provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, *and no longer*." (Emphasis added). "[T]he provisions of Rule 1:1 are mandatory in order to assure the certainty and stability that the finality of judgments brings. Once a final judgment has been entered and the twenty-one day time period of Rule 1:1 has expired, the trial court is thereafter without jurisdiction in the case." Super Fresh Food Mkts. of Va. v. Ruffin, 263 Va. 555, 563, 561 S.E.2d 734, 739 (2002).

Although the twenty-one-day time period prescribed by Rule 1:1 may be interrupted by an order modifying, vacating, or suspending the final order in a case, such an order must be entered within twenty-one days of the entry of the final order. See id. at 560, 561 S.E.2d at 737. In the absence of such an order, "the twenty-one day time period is not interrupted, and the case will no longer be under the control of the trial court when the original twenty-one day time period has run." Id. at 562, 561 S.E.2d at 738. "Neither the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the twenty-one day time period of Rule 1:1." Id. at 560, 561 S.E.2d at 737.

In the present case, the circuit court entered its final sentencing order on January 19, 2017, and it never entered an order suspending or vacating that order. Although Abruzzese filed his motions to set aside the jury's verdicts within twenty-one days of the entry of the sentencing order, the circuit court did not enter an order pertaining to these post-trial motions until February 15, 2017, twenty-seven days after the entry of the sentencing order. At this time, the twenty-one-day time period of Rule 1:1 had already expired and the circuit court did not have jurisdiction to enter the order denying Abruzzese's post-trial motions.

While we acknowledge that the circuit court orally announced its decision regarding Abruzzese's post-trial motions at the hearing held on February 9, 2017, twenty-one days after the entry of the final sentencing order in this case, the circuit court's actions did not toll the twenty-one-day time period set forth in Rule 1:1. See Wagner v. Shird, 257 Va. 584, 587-88, 514 S.E.2d 613, 615 (1999). "There is a distinction between the *rendition* of a judgment and the *entry* of a judgment." Id. at 587, 514 S.E.2d at 615 (quoting McDowell v. Dye, 193 Va. 390, 393, 69 S.E.2d 459, 462 (1952)). Moreover, "a court speaks only through its written orders." Id. at 588, 514 S.E.2d at 615. The circuit court did not enter a written order pertaining to

Abruzzese's post-trial motions within twenty-one days of the entry of the final sentencing order in this case. Therefore, it lost jurisdiction to rule on the motions at issue.

As the circuit court did not have jurisdiction to deny Abruzzese's motions to set aside the verdicts, its decision pertaining to them was a nullity. See id. Accordingly, there is no decision from the circuit court regarding Abruzzese's post-trial motions to review on appeal. In the absence of a valid decision from the circuit court regarding Abruzzese's post-trial motions, we will not review the arguments they presented. See Williams v. Commonwealth, 57 Va. App. 341, 347, 702 S.E.2d 260, 263 (2010); Rule 5A:18.

## B. ABRUZZESE'S SUFFICIENCY ARGUMENT

Abruzzese contends that the evidence presented by the Commonwealth did not support his convictions. Specifically, Abruzzese argues that the Commonwealth's evidence failed to establish that he was the driver of the car involved in the chase at issue. Abruzzese notes that the police officer involved in the chase only described the appearance of the driver in general terms. He also contends that the officer could have misread the license plates on the car involved in the chase and inadvertently recorded an incorrect plate number. As Abruzzese did not present these arguments to the circuit court in his motions to strike the evidence, he has failed to preserve them for appellate review.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." Creamer v. Commonwealth, 64 Va. App. 185, 195, 767 S.E.2d 226, 231 (2015).

> In a jury trial, the defendant preserves his objections to the
> sufficiency of the evidence in a motion to strike at the conclusion

> of the Commonwealth's case if he elects to not introduce evidence
> of his own, or [in a] motion to strike at the conclusion of all the
> evidence or a motion to set aside the verdict if he does elect to
> introduce evidence of his own.

Commonwealth v. Bass, 292 Va. 19, 33, 786 S.E.2d 165, 173 (2016).

While Abruzzese challenged the sufficiency of the evidence supporting his convictions in his motions to set aside the jury's verdicts, as previously explained, he failed to obtain a valid ruling regarding those motions. Nonetheless, Abruzzese also challenged the sufficiency of the evidence in a motion to strike at the conclusion of the Commonwealth's evidence and in a renewed motion to strike at the conclusion of his own evidence. Due to their lack of specificity, however, these motions did not preserve Abruzzese's sufficiency argument for appellate review.

"A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve [an] issue for appellate review." Rule 5A:18. "[A] challenge to the sufficiency of the Commonwealth's evidence is waived if not raised with some specificity in the trial court." Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004) (quoting Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987)). "A general argument or an abstract reference to the law is not sufficient to preserve an issue." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*).

Abruzzese based his initial motion to strike on the "insufficiency of the evidence," and maintained that the Commonwealth had "not sustained its burden at [that] point." Although Abruzzese argued that the circuit court should not consider certain events that occurred in an adjacent county after the car involved in the chase left the City of Richmond, he did not further elaborate on his sufficiency argument. After presenting his own evidence, Abruzzese renewed his motion to strike "based on [his] previous argument." Again, Abruzzese did not provide any additional argument to support his motion.

As Abruzzese's arguments lacked any specificity, they failed to preserve his sufficiency argument for review. Abruzzese failed to assert any specific grounds to support his motions to strike. He did not mention the police officer's physical description of the driver of the car involved in the chase, or the likelihood of the officer's misperception of the license plates on that car. Abruzzese's motions to strike only presented a general challenge to the sufficiency of the Commonwealth's evidence, and as such, they were inadequate to preserve his argument for appellate review. See Rule 5A:18. Thus, we conclude that Abruzzese has waived his sufficiency argument and we will not address its merits on appeal.

## III. CONCLUSION

As Abruzzese's appellate arguments are procedurally barred from review, we affirm his convictions.

Affirmed.