PRESENT:  All the Justices

ASTRID KOSKO

                                                    OPINION BY
v.  Record No. 200187                   JUSTICE STEPHEN R. McCULLOUGH
                                                    May 20, 2021
JAMES R. RAMSER, ET AL.


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Herman A. Whisenant, Jr., Judge

After entry of a nonsuit order, the defendants asked the circuit court to award them costs

under Code § 8.01-380.  Twenty days after entry of the nonsuit order, the court stated from the

bench that it would award costs to the defendants.  The written order awarding these costs,

however, was entered more than twenty-one days after entry of the nonsuit order.  The plaintiff

appeals, contending that under Rule 1:1, the written order awarding costs came too late and must

be vacated.  We agree with the plaintiff.

BACKGROUND

Astrid Kosko filed a medical malpractice suit against Dr. James R. Ramser and a medical

clinic.  On the second day of the trial, the defendants moved to disqualify Kosko's expert

witness.  The circuit court granted the motion.  In response, Kosko voluntarily nonsuited the case

pursuant to Code § 8.01-380.  The order of nonsuit was entered on September 11, 2019.

Two days later, the defendants filed a motion for costs under Code § 8.01-380(C).  They

did not request that the court modify, vacate, or suspend the nonsuit order.  The court scheduled

argument on the motion for costs for October 1, 2019 – the twentieth day after entry of the

nonsuit order.  At the October 1 hearing, after hearing argument, the court awarded the

defendants $20,000 in costs and directed counsel for the defendants to prepare an order.  The

circuit court entered the order on November 5, 2019, more than twenty-one days after entry of

the nonsuit order. Counsel for Kosko objected to this order, contending that the court lacked jurisdiction to enter it because it was entered more than twenty-one days after entry of the nonsuit order.

This appeal followed. Kosko assigns the following error:

> The [c]ircuit [c]ourt erred as a matter of law when it entered an order awarding [d]efendants $20,000 in costs because pursuant to Rule 1:1 it no longer had jurisdiction to do so.

ANALYSIS

Rule 1:1(a) provides in relevant part:

> All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer. . . . The date of entry of any final judgment, order, or decree is the date it is signed by the judge either on paper or by electronic means in accord with Rule 1:17.

Nonsuit orders are generally treated as final orders for purposes of Rule 1:1. *See James ex rel. Duncan v. James*, 263 Va. 474, 481 (2002) (nonsuit entered under Code § 8.01-380(A)-(B) was a final order). A final order is one which "disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment." *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002) (citing *Daniels v. Truck & Equip. Corp.*, 205 Va. 579, 585 (1964)).

*Wagner v. Shird*, 257 Va. 584 (1999) provides a backdrop to this case. In *Wagner*, the circuit court entered a final order on January 6, 1998. 257 Va. at 586. After Shird filed a motion for remittitur, the circuit court entered an order staying or suspending its final order for a period of thirty days. *Id.* On February 24, 1998, the court heard argument on the motion for remittitur. *Id.* The court stated from the bench that it was granting the motion and reducing the jury's verdict. *Id.* However, the court did not enter a written order to that effect until April 21, 1998,

2

beyond the thirty day period for which the final order had been suspended. *Id.* We concluded

that the circuit court's announcement from the bench that it would grant the motion for remittitur

did not extend the length of the stay, and, further, when the court actually entered the written

judgment order on April 21, the court lacked jurisdiction to do so. *Id.* at 587-88. Consequently,

the order was a nullity. *Id.* That conclusion is consistent with statements made in other cases

from this Court. *See Super Fresh*, 263 Va. at 560 ("The running of the twenty-one day time

period prescribed by Rule 1:1 may be interrupted only by the entry, within the twenty-one day

time period, of an order modifying, vacating, or suspending the final judgment order."); *School

Bd. v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 556 (1989) ("The running of time under [Rule

1:1] may be interrupted only by the entry, within the [twenty-one] day period after final

judgment, of an order suspending or vacating the final order.").

The narrow issue before us is whether a statute, Code § 8.01-380(C), which allows for the

recovery of costs following a nonsuit taken during trial or within seven days of trial, requires us

to modify this longstanding approach of when a nonsuit order is deemed final.[1] Code

§ 8.01-380(C) provides as follows:

> If notice to take a nonsuit of right is given to the opposing party
> within seven days of trial or during trial, the court in its discretion
> may assess against the nonsuiting party reasonable witness fees
> and travel costs of expert witnesses scheduled to appear at trial,
> which are actually incurred by the opposing party, solely by reason
> of the failure to give notice at least seven days prior to trial. The
> court shall have the authority to determine the reasonableness of
> expert witness fees and travel costs. Invoices, receipts, or
> confirmation of payment shall be admissible to prove
> reasonableness without the need to offer testimony to support the
> authenticity or reasonableness of such documents, and may, in the
> court's discretion, satisfy the reasonableness requirement under
> this subsection. Nothing herein shall preclude any party from

---

[1] Neither party has asked us to overrule *Wagner* or to modify our approach to finality under Rule 1:1.

offering additional evidence or testimony to support or rebut the reasonableness requirement.

The defendants argue that by operation of Code § 8.01-380(C), a nonsuit order is not final because this statute allows the recovery of costs after the nonsuit is taken.[2] The defendants posit that the possibility of recovering costs means that the nonsuit order does not dispose of the entire action because something remains to be done, namely, the adjudication of a motion to recover costs.[3] We disagree.

An order is final if it disposes of the "entire action." *Super Fresh*, 263 Va. at 560. The action is the claim or claims in the complaint and any counterclaims. Here, the medical malpractice action was nonsuited. As a result, the nonsuit order disposed of the entire action. The filing of ancillary motions for the recovery of costs or the filing of other post-trial motions does not suddenly transform an otherwise final order into a nonfinal order. We also fail to see how the defendants' reasoning would be limited to the pursuit of costs under Code § 8.01-380(C). Under the defendants' logic, anytime a litigant seeks other kinds of recoverable costs, or for that matter files any post-trial motion, there would, by definition, remain something to be done. Cases could be placed on indefinite hold by the filing of post-trial motions. Such an approach has little to commend it.

---

[2] There are recognized exceptions to Rule 1:1. *See, e.g.*, Code § 8.01-428(B) (allowing the trial court to correct clerical errors beyond twenty-one days); Code § 19.2-303 (permitting a trial court to modify in delineated circumstances an otherwise final sentence in a criminal case).

[3] The defendants also argue that Kosko failed to preserve the point. Counsel for Kosko made a specific objection that the court lacked jurisdiction under Rule 1:1 to enter the order awarding costs prior to entry of the November 5 order. The objection was, therefore, specific and timely.

4

The trial court in this case stated from the bench on the twentieth day that it was awarding costs to the defendants. The written order, however, was not entered until well after the twenty-one days had passed. Code § 8.01-380(C) does not require us to modify the approach we took in *Wagner*. *Wagner*, therefore, supplies the rule of decision. Once a final written order is entered, a trial court has twenty-one days to enter a new written order or to enter a written order modifying, suspending, or vacating the prior order to allow the court sufficient time to address the post-trial motion.[4] This approach is also consistent with "the firmly established law of this Commonwealth that a trial court speaks only through its written orders," *Davis v. Mullins*, 251 Va. 141, 148 (1996); *Jefferson v. Commonwealth*, 298 Va. 473, 477 (2020), and written "orders speak as of the day they were entered." *Davis*, 251 Va. at 148; *Jefferson*, 298 Va. at 477; *Vick v. Commonwealth*, 201 Va. 474, 476 (1960). Orders are "entered" on the day they are signed by the judge. Rule 1:1. Accordingly, in this case, the November 5 order was void because it was entered more than twenty-one days following entry of the nonsuit order.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court will be reversed.

*Reversed and final judgment.*

---

[4] A litigant may also ask a court to delay entry of a written final order to allow sufficient time for collateral issues or post-trial motions to be addressed.